IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:07-CR-62-BO
No. 5:12-CV-622-BO

| | |
|---|---|
| PHILLIP BOYD MCLEOD, ) | |
| Petitioner, ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA ) | |
| Respondent. ) | |

This cause comes before the Court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. In his motion, petitioner, Mr. McLeod, contends that his criminal history category should be lowered and he should be re-sentenced in light of the Supreme Court's holding in *Carachuri-Rosendo v. Holder*, 130 S. Ct. 2577 (2010). The government has moved to dismiss Mr. McLeod's motion to vacate, and Mr. McLeod has responded to the motion to dismiss.

## BACKGROUND

Mr. McLeod was sentenced by this Court on November 13, 2007, to a total term of imprisonment of 130 months' imprisonment. Mr. McLeod did not file a direct appeal. On February 9, 2012, Mr. McLeod filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, which was converted with Mr. McLoed's consent to the instant motion to vacate pursuant to 28 U.S.C. § 2255.

## DISCUSSION

In its motion to dismiss, the government contends, *inter alia*, that Mr. McLeod's motion is untimely. A motion under 28 U.S.C. § 2255 must be filed within one year of the latest of four

triggering events: (1) the date the judgment of conviction becomes final, (2) the date on which an impediment to making a motion that is created by the government is removed, (3) the date the Supreme Court initially recognizes a right that is made retroactively applicable to cases on collateral review, or (4) the date on which new facts are discovered through the exercise of due diligence to support a claim. 28 U.S.C. § 2255(f)(1)-(4).

Mr. McLeod's petition was filed well-beyond one year from the date his judgment became final, and is therefore untimely under § 2255(f)(1). *See United States v. Sanders*, 247 F.3d 139, 142 (4th Cir. 2001) (date conviction becomes final for defendant who does not file a direct appeal is the date the district court entered judgment). Mr. McLeod's motion is also untimely under § 2255(f)(3), as *Carachuri-Rosendo* was decided on June 14, 2010, and Mr. McLeod's motion to vacate was not filed until February 2012. Furthermore, *Carachuri-Rosendo* provides no relief to Mr. McLeod as the rule it announced is procedural and is not retroactively applicable to cases on collateral review. *United States v. Powell*, 691 F.3d 554, 560 (4th Cir. 2012).

Nor is Mr. McLeod's petition timely under § 2255(f)(4). Although "facts" in this context have been held to include court rulings and the legal consequences of known facts, *Johnson v. United States*, 544 U.S. 295, 308-09 (2005), the court ruling or legal consequence must have occurred in the petitioner's *own case*; in other words, court decisions that clarify the law as opposed to the facts supporting a particular petitioner's habeas claim may not serve as triggering events for purposes of the one-year limitations period. *Shannon v. Newland*, 410 F.3d 1083, 1088-89 (9th Cir. 2005); *see also Lo v. Endicott*, 506 F.3d 572, 575 (7th Cir. 2007). Mr. has pointed to no court order entered in his own case or other newly discovered fact that might serve

2

as a basis for triggering the limitations period under § 2255(f)(4).

As the Court is unaware of any other basis upon which to find the petition timely under the remaining provision of § 2255(f),[1] the Court next considers Mr. McLeod's request that the statute of limitations period be equitably tolled. *See Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc). In order for equitable tolling to apply, Mr. McLeod must present extraordinary circumstances beyond his control that prevented him from filing his petition within the applicable time period, *Id.*, and a gross injustice must result from the court's refusal to allow the tolling of the statute of limitations period. *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). Because, as discussed below, Mr. McLeod's claim would likely not be cognizable under § 2255, the Court finds that equitable tolling should not apply.

Mr. McLeod's claim relates only to the calculation of his advisory guideline range under the sentencing guidelines. Generally, errors in the application of the sentencing guidelines cannot be raised in a subsequent § 2255 motion barring extraordinary circumstances. *United States v. Pregent*, 190 F.3d 279, 284 (4th Cir. 1999); *see also Powell*, 691 F.3d at 563 n.2 (King, J. dissenting in part and concurring in the judgment in part) ("defendants labeled career offenders cannot receive sentences exceeding the applicable statutory maximum. Thus, those defendants also cannot rely on *Carachuri-Rosendo* to obtain § 2255 relief"). Accordingly, a claim by Mr. McLeod that *Carachuri-Rosendo* or the Fourth Circuit's holding in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc), would cause the calculation of his criminal history points to be lower when determining his advisory sentencing guidelines range would not be cognizable

---

[1] Mr. McLeod does not argue that the government imposed any impediment that prevented him from filing on time. 28 U.S.C. § 2255(f)(2).

3

on a § 2255 petition, as the sentence imposed was not greater than his statutory maximum. Accordingly, the Court declines to apply equitable tolling and dismisses Mr. McLeod's petition as untimely.

### Certificate of Appealability

Rule 11 of the Rules Governing Section 2255 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined petitioner is not entitled to relief and the government is entitled to dismissal of the petition, the Court considers whether petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

A certificate of appealabilty may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack*, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a

4

threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." *Slack*, 529 U.S. at 484-85.

After reviewing the claims presented in the petition in light of the applicable standard, the Court finds reasonable jurists would not find the Court's treatment of any of petitioner's claims debatable or wrong and none of the issue are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is DENIED.

## CONCLUSION

For the foregoing reasons, the government's motion to dismiss [DE 46] is GRANTED and petitioner's motion to vacate pursuant to 28 U.S.C. § 2255 [DE 39] is DISMISSED. A certificate of appealability is DENIED.

SO ORDERED, this ___5___ day of March, 2013.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

5