# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
## WESTERN DIVISION
### 5:07-CR-62-BO-1

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | )      O R D E R |
| | ) |
| PHILLIP BOYD McLEOD | ) |

This cause comes before the Court on the government's Motion for Revocation of

Supervised Release. [DE 70]. A hearing on the matter was held in Raleigh, North Carolina, on

April 7, 2016. [DE 87]. For the reasons discussed below, the Court revoked defendant's

supervised release term and ordered defendant committed to the custody of the Bureau of Prisons

or its authorized representative for imprisonment for a period of 60 months. [DE 88].

## BACKGROUND

Defendant and a co-defendant were indicted in the Eastern District of North Carolina in

March 2007. [DE 1]. The indictment charged defendant with: (1) felon in possession of a firearm

in violation of 18 U.S.C. § 922(g); (2) felon in possession of a firearm in violation of § 922(g);

(3) distribution of cocaine base (crack); (4) possession with intent to distribute more than five

grams of cocaine base (crack) and aiding and abetting (co-defendant was also charged in count

four); (5) possession with intent to distribute more than five grams of cocaine base (crack). *Id.* A

superseding indictment was filed later, which added the following charges: (6) possession with

intent to distribute more than five grams of cocaine base (crack); and (7) possession of a firearm

in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). [DE 12]. McLeod

pled guilty to Counts Two, Three, Six, and Seven and the remaining charges were dismissed as

the result of a plea agreement. [DE 25, 33].

At sentencing, the government filed a motion for downward departure based on substantial assistance, and McCormick was sentenced to 90 months' imprisonment for Counts Two, Three, and Six, to run concurrent, and 40 months' imprisonment for Count Seven, to run consecutively, with credit for time served. [DE 33]. Defendant's sentence included a three year term of supervised release. *Id.* Defendant was released from custody on September 19, 2014, at which time his term of supervised release commenced. [*See* DE 70].

On January 8, 2016, a motion for revocation of supervised release was filed based on criminal conduct. [DE 70]. Specifically, defendant had been arrested for state felony possession of cocaine, assault with a deadly weapon on a government official, and fleeing to elude arrest with a motor vehicle. *Id.* These offenses occurred in Wake County, North Carolina, and arose from an extensive car chase. *Id.* A second violation for criminal conduct predicated on cyberstalking in Vance County, North Carolina, was also included, but the government later opted not to pursue it. *Id.*

A hearing was held on the matter on April 7, 2016. [DE 87]. At the hearing, defendant admitted part of violation one (fleeing to elude) and pled no contest to the remainder of the violation. The conduct alleged in violation one constitutes a Grade A violation. Defendant's criminal history category is a V. Thus, the guideline range of imprisonment was 46–57 months. The statutory imprisonment maximum available was 60 months. After hearing testimony from a deputy with the Wake County Sheriff's Office who took part in the car chase, the Court found that defendant had violated the terms of his supervised release and that his supervised release should be revoked. For the reasons discussed below, the Court sentenced defendant to 60 months' imprisonment.

2

## DISCUSSION

Wake County Sheriff's Office Deputy Guy Pagliolo testified for the government at the revocation of supervised release hearing. The Court found his testimony credible. According to Deputy Pagliolo, defendant led law enforcement officers on an extensive, reckless, high-speed car chase in and around Raleigh, North Carolina, on January 4, 2016. The chase arose from an attempted controlled drug buy by Raleigh Police Department. The chase ranged in speeds from 80–135 miles per hour and wound through neighborhoods and major roads in Raleigh and surrounding areas. Deputy Pagliolo described seeing what he called a cocaine poof or cloud during the chase, presumably from defendant throwing a quantity of the drug out the vehicle's window. Eventually, an officer from the State Highway Patrol (SHP) performed a maneuver to attempt to stop defendant's vehicle by hitting it strategically with an SHP vehicle. Instead of stopping, though, defendant tried to escape again and this time struck an SHP vehicle with his vehicle. All in all, the chase lasted around thirty minutes. Once the chase ended, a digital scale and ammunition were found in defendant's vehicle.

In imposing the sentence on revocation, the Court has considered the factors in 18 U.S.C. § 3553(a). The Court considered the serious nature of defendant's behavior in the events giving rise to the revocation, including the deputy's stated fear that defendant's driving was going to kill someone. The Court also considered the fact that the possession of cocaine violation was similar in nature to the original offense conduct. The Court considered that the defendant's actions displayed a fundamental lack of respect for the law both in that defendant attempted to elude law enforcement and also struck a law enforcement vehicle with his own vehicle in another attempt to escape. The Court notes that the gravity of this behavior demonstrates a need for a lengthy sentence in order to afford adequate deterrence to this defendant, who has obviously not been

3

deterred thus far by his previous prison sentence or supervision. Finally, the Court considered that such a sentence will provide sufficient protection for the public from this defendant, who put the lives of an unknown number of innocent citizens in danger during the course of the chase. The Court notes that defendant's behavior is especially troubling (and the need for deterrence especially great), as it demonstrates defendant's willingness to engage in new forms of serious criminal conduct despite his previous imprisonment. *See* 18 U.S.C. § 3553(a).

The Court considered defense counsel's remarks and arguments and finds that they do not outweigh the considerations above.

For these reasons, as well as those announced from the bench at the hearing, the Court finds that a revocation sentence of 60 months' imprisonment and termination of supervised release is sufficient but not greater than necessary to achieve the goals of sentencing.

SO ORDERED, this 13 day of April, 2016.

Terrence Boyle

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE